Filed 1/12/23  P. v. Amezcua CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079642 |
| v. | (Super.Ct.No. FSB024827) |
| CASIMIRO AMEZCUA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Cynthia M. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Defendant and appellant, Casimiro Amezcua, filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied. After defendant filed a notice of appeal, this court appointed counsel to represent him.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *Anders v. California* (1967) 386 U.S. 738 (*Anders*),[2] setting forth a statement of the facts, a statement of the case, and one potentially arguable issue: whether the trial court erred in denying defendant's petition.

We offered defendant an opportunity to file a personal supplemental brief, which he has not done. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[3]

On November 27, 1999, in retaliation for a shooting that had occurred earlier that day, defendant and a fellow gang member fired guns into a group of people associated

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] In *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), the California Supreme Court recently held that *Wende* and *Anders* procedures do not apply in appeals from the denial of a section 1172.6 postjudgment petition. (*Delgadillo*, at pp. 225-226.)

[3] On the court's own motion, we take judicial notice of this court's opinions from defendant's appeal from the original judgment (*People v. Amezcua* (July 15, 2003, E030954) [nonpub. opn.], his appeal from the judgment after this court's reversal of his original conviction (*People v. Amezcua* (June 20, 2008, E041865) [nonpub. opn.], and defendant's appeal from the denial of his first former section 1170.95 petition (*People v. Amezcua* (Aug. 9, 2021, E075624) [nonpub. opn.] (*Amezcua III*). (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.1115(b).) Defendant attached a portion of *Amezcua II* to his petition for resentencing. Counsel for defendant on appeal references all three opinions in her brief.

2

with a rival gang.  (*Amezcua III*, *supra*, E075624.)  As a result, four individuals were shot; one was killed; another was rendered paraplegic; a third, who was pregnant, lost the child because of the shooting.  (*Ibid.*)

On retrial after reversal by this court, "a jury . . . found defendant guilty as charged of one count of first degree murder (count 1) and three counts of attempted murder with premeditation and deliberation (counts 2, 3, and 4).  The jury also returned true findings on gun use enhancements under . . . section 12022.53, subdivisions (d) and (e)(1), and criminal street gang enhancements under . . . section 186.22, subdivision (b)(1), alleged in connection with each count.  The trial court, in turn, sentenced defendant to state prison for a total term of 180 years to life." (*Amezcua III*, *supra*, E075624.)

On May 14, 2019, defendant filed a petition for resentencing pursuant to former section 1170.95, alleging he had been convicted of first degree murder pursuant to the felony-murder rule or natural and probable consequences doctrine, and could not now be so convicted.  (*Amezcua III*, *supra*, E075624.)  At the hearing on the petition, defense counsel stipulated to the court's consideration of the facts as recited in this court's opinion in *Amezcua II*.  (*Ibid.*)  The court found that "defendant was one of the two actual shooters and, therefore, was either the actual killer or acting in concert and aiding and abetting the actual killer, and by his actions of firing at the victims demonstrated he was acting with intent to kill and demonstrating that he was acting in conscious disregard for human life." (*Ibid.*)  Therefore, the court denied the petition.  (*Ibid.*)

Defendant appealed.  By opinion filed August 9, 2021, we affirmed, holding, in part, that defendant was per se ineligible for relief because he was, at minimum, a direct

aider and abettor of the murder. (*Amezcua III*, *supra*, E075624.) We also reviewed the jury instructions and noted "that on the murder charge, defendant was not tried under the felony-murder rule or the natural and probable consequences theory; instead, the People tried defendant as a direct perpetrator or an aider and abettor acting with malice aforethought." (*Ibid*.)

On May 26, 2022, defendant filed another form petition for resentencing pursuant to former section 1170.95; defendant requested appointment of counsel. This time, defendant requested resentencing on his attempted murder convictions in addition to his murder conviction.[4]

The clerk's office sent the court a "request for further action," requesting the court review the petition and advise them how to proceed. The clerk's office noted the court had previously ruled defendant ineligible for such relief.

On July 1, 2022, the court denied the petition without appointing counsel for defendant and without holding a hearing. The court noted: "This court previously denied [defendant's] 1170.95 petition after hearing where [defendant] was represented by counsel. The court found [defendant] was not prosecuted on a felony-murder or natural [and] probable consequence doctrine. The court found [defendant] actively participated in the shooting of the victims, finding the [defendant] was a major participant acting

---

[4] Effective January 1, 2022, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2) amended former section 1170.95 to expand its coverage to individuals convicted of "attempted murder under the natural and probable consequences doctrine." (§ 1172.6, subd. (a).)

4

[with] reckless disregard for life . . . . The Court of Appeal affirmed the court's decision, making the same findings . . . ."

## II. DISCUSSION

Because our order of October 25, 2022, implied that we would independently review the record for potential errors even if defendant chose not to file a supplemental brief, we exercise our discretion to do so even though not required. (*Delgadillo*, *supra*, 14 Cal.5th at p. 230 ["[I]f the appellate court wishes, it may also exercise its discretion to conduct its own independent review of the record in the interest of justice."]; *id* at p. 232 ["[I]t is wholly within the court's discretion [to] conduct[] its own independent review of the record in any individual section 1172.6 appeal."] *id*. at p. 233, fn. 6 ["[T]he decision to conduct independent review is solely up to the discretion of the Courts of Appeal . . . .].) We find no arguable issues.

## III. DISPOSITION

The order denying defendant's petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


McKINSTER _____
                                    J.

We concur:


RAMIREZ _____
                P. J.

MILLER _____
                J.

5